IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

ALLEN D. WALKER                                              PLAINTIFF
106 Sparkling Court
Vine Grove, Kentucky 40175

Case No. 3:18-CV-17-JHM

v.

Chief Judge Joseph H. McKinley, Jr.

NAVIENT SOLUTIONS, INC.                                      DEFENDANTS
2001 Edmund Halley Drive
Reston, Virginia 20191

SERVE:      Corporation Service Company
            421 West Main Street
            Frankfort, Kentucky 40601
            (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE:      CSC-Lawyers Incorporating Service Co.
            421 W. Main Street
            Frankfort, Kentucky 40601
            (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:     The Prentice Hall Corporation System
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:     CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Allen D. Walker, by counsel, and for his Verified Complaint against the Defendants, Navient Solutions, Inc. ("Navient"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. against all Defendants arising out of Navient's false reporting to Equifax, Trans Union and Experian, of alleged delinquent debts, Equifax's, Trans Union's and Experian's failure to correct Navient's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports, and all of the Defendants' failure to investigate Plaintiff's

disputes of the subject tradelines on Plaintiff's credit reports.   In addition, Plaintiff asserts claims against Navient for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which, among other things, prohibits debt collectors like Navient from attempting to collect debts from consumers which are not due and owing.

## II. PARTIES

2.      Plaintiff, Allen D. Walker, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 106 Sparkling Court, Vine Grove, Kentucky 40175.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a.

4.      Defendant, Navient, is a Delaware corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia 20191.

5.      Navient is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b) and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.    Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the FDCPA, 15 U.S.C. §1692k(d); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV. FACTUAL BACKGROUND

16.    In July 2017, Plaintiff, while in the process of seeking mortgage financing, accessed his Equifax, Trans Union and Experian credit reports and discovered that Navient was reporting a

past due balance of approximately $49,000 and numerous late payments on an alleged Navient student loan account, Account No. 93406792431E0022013****.

17.     Immediately upon his discovery of Navient's false and derogatory reporting regarding the alleged student loan account, filed disputes with Equifax, Experian and Trans Union regarding the inaccuracy of the Navient tradeline on Plaintiff's credit reports.

18.     In addition, Navient, by telephone and mail, has actively been attempting to collect the alleged student loan debt, falsely representing to Plaintiff that Plaintiff owes the amount stated in Navient's false and derogatory tradeline.

19.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Navient of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

20.     In August 2017, Navient, Equifax, Trans Union, and Experian verified the accuracy of Navient's reporting concerning the alleged past due balance of the student loan and Plaintiff's alleged late payments on the student loan.

21.     Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, Navient, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

22.     Upon information and belief, Navient, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove or amend the disputed item within a reasonable time following Navient's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

23.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false

reporting of Plaintiff's alleged past due account. In addition, Plaintiff has suffered humiliation, embarrassment and emotional distress due to all the Defendants' violations of the FCRA and Navient's violation of the FDCPA.

## V. **CLAIMS**

### Negligence – Navient

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Navient's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the alleged late payments were negligent under applicable law. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due balance and late payments, Navient breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

26. Navient's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due balance and late payments has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Navient's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged late payments was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Equifax's failure to investigate Plaintiff's dispute and its failure to remove Navient's false report of Plaintiff's alleged past due balance and late payments from Plaintiff's Equifax credit

report, despite Plaintiff's lawful request to Equifax to investigate the dispute and his notice to Equifax of the falsity of the reports, was negligent.

29.    In failing to investigate Plaintiff's dispute and in failing to remove Navient's derogatory tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

30.    Equifax's negligent failure to investigate Plaintiff's disputes and its failure to remove Navient's derogatory tradeline from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31.    Equifax's failure to investigate Plaintiff's dispute and its failure to remove Navient's derogatory tradeline from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and his notice to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Trans Union

32.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.    Trans Union's failure to investigate Plaintiff's dispute and its failure to remove Navient's false report of Plaintiff's alleged past due balance and late payments from Plaintiff's Trans Union credit report, despite Plaintiff's lawful request to Trans Union to investigate the dispute and his notice to Trans Union of the falsity of the reports, was negligent.

34.    In failing to investigate Plaintiff's dispute and in failing to remove Navient's derogatory tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and

all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

35.     Trans Union's negligent failure to investigate Plaintiff's dispute and its failure to remove Navient's derogatory tradeline from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

36.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove Navient's derogatory tradeline from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and his notice to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

37.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.     Experian's failure to investigate Plaintiff's dispute and its failure to remove Navient's false report of Plaintiff's alleged late payments from Plaintiff's Experian credit report, despite Plaintiff's lawful request to Experian to investigate the dispute and his notice to Experian of the falsity of the report, was negligent.

39.     In failing to investigate Plaintiff's dispute and in failing to remove Navient's derogatory tradeline, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting dispute and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

40.     Experian's negligent failure to investigate Plaintiff's dispute and its failure to remove Navient's derogatory tradelines from Plaintiff's Experian credit report has caused, and

continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

41.     Experian's failure to investigate Plaintiff's dispute and its failure to remove Navient's derogatory tradeline from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and his notice to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Navient

42.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43.     Navient, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due balance and late payments on an alleged Navient account. Navient's statements were false and were made with conscious disregard for the rights of the Plaintiff.

44.     Navient's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

45.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46.     Equifax, with knowledge of the falsity of its statements, has published and continues

9

to publish statements to others, including, but not limited to, Navient and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due balance and late payments on an alleged Navient account. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

47. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due balance and late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Navient and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due balance and late payments on an alleged Navient account. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

50. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due balance and late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Experian

51. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Navient and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due balance and late payments on an alleged Navient account. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

53.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged late student loan payments amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Navient

54.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.    Navient's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due balance and late student loan payments are violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

56.    Navient's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

57.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.    Equifax's failure to investigate Plaintiff's disputes and its failure to remove the disputed Navient tradeline from Plaintiff's credit report despite Plaintiff's request for investigation

and Equifax's knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

61.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     Trans Union's failure investigate Plaintiff's dispute and its failure to remove the disputed Navient tradeline from Plaintiff's credit report despite Plaintiff's request for investigation and Trans Union's knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties

regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act – Experian

65.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the disputed Navient tradeline from Plaintiff's credit report despite Plaintiff's request for investigation and Experian's knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Navient

69.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.     Navient's failure to investigate Plaintiff's dispute and its initial and continuing false

reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due balance and late student loan payments, despite Navient's knowledge of the falsity of its reporting, are willful violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

71.    Given Navient's failure to investigate Plaintiff's dispute and its knowledge of the falsity of its reporting, Navient's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

72.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.    Equifax's failure to investigate Plaintiff's dispute and its failure to remove the Navient derogatory tradeline from Plaintiff's Equifax credit report despite Equifax's receipt of Plaintiff's dispute and its knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74.    Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages,

for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

76.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the Navient derogatory tradeline from Plaintiff's Trans Union credit report despite Trans Union's receipt of Plaintiff's dispute and its knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78.     Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

80.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the Navient derogatory tradeline from Plaintiff's Experian credit report despite Experian's receipt of

Plaintiff's dispute and its knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

83.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Allen D. Walker, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

01-04-18;02:04PM;VINELAND CARRIAGE HOMES                    ;000                    # 2/  2

## VERIFICATION

I, Allen D. Walker, hereby state that I have read the foregoing Verified Complaint and the

statements contained therein are true and accurate to the best of my knowledge, information and

belief.

Allen D. Walker

COMMONWEALTH OF KENTUCKY )
                                                      ) SS
COUNTY OF HARDIN                        )

Subscribed, sworn to and acknowledged before me by Allen D. Walker this 28 day of

DECEMBER , 2017.

Notary Public

Commission expires: 6-18-2019

ID # 534394